NO. 07-04-0072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 23, 2005

______________________________

LARRY W. BANKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402281; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Following a not guilty plea, appellant Larry W. Banks was convicted by a jury of his third offense for driving while intoxicated, and punishment was assessed at thirty years confinement.  In presenting this appeal, counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  We grant counsel’s motion and affirm.

In support of her motion to withdraw, counsel certifies she has diligently reviewed the record, and in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
 Thus, she concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that she sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a 
pro se
 response if he desired to do so.  Appellant did not file a
 
response.  Neither did the State favor us with a brief.

On December 14, 2002, appellant was arrested for driving while intoxicated.  He was apprehended after three witnesses observed him driving erratically on a public street, swerving from lane to lane, and occasionally striking medians and curbs.  The witnesses followed appellant in their vehicle while one of them called 911 on her cell phone.  Police officers confronted appellant as he pulled into his apartment.  After exhibiting signs of intoxication and failing the administered field sobriety tests, officers arrested appellant for driving while intoxicated.  At the police department, appellant initially refused to submit a breath sample; however, he later changed his mind and submitted samples which placed his alcohol concentration at over twice the legal limit.  Due to two prior convictions for driving while intoxicated, appellant was indicted for felony DWI.
  Appellant pleaded not guilty to the felony charge, but pleaded true to the prior convictions.  After hearing the evidence, a jury found him guilty of the charged offense, and the trial judge, considering  the enhancements, assessed appellant’s punishment at thirty years imprisonment in a state jail facility.  Appellant subsequently filed a notice of appeal.

By her 
Anders
 brief, counsel concedes two grounds that could arguably support an appeal.  The first is whether sufficient evidence was presented to support the conviction and judgment.  When reviewing a factual sufficiency claim, an appellate court must view all the evidence “without the prism of ‘in the light most favorable to the prosecution’” and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App. 1996) (quoting Stone v. State, 823 S.W.2d 375, 381 (Tex.App.–Austin 1992, pet. ref’d, untimely filed)).  We must determine, considering all of the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004).

We agree with counsel’s conclusion that the State presents evidence as to each element of the charged offense.  The State’s evidence consists of a videotape recorded by a camera in the arresting officer’s vehicle and breath sample results from the police intoxilyzer.  There is also testimony from three eyewitnesses, the arresting officer, and the supervisor of the DPS breath alcohol testing program.  The jury, as trier of fact, may choose to believe all, some, or none of any witness’s testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986).  A jury’s decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State.  Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997).  Upon review of the record, we conclude the evidence was factually sufficient to support appellant’s conviction beyond a reasonable doubt.

We also find that appellant was afforded effective assistance of counsel.  
See
 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); 
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986)
.  In her brief, counsel asserts that trial counsel used a viable strategy to discredit the eyewitness testimony and the administration and reliability of the tests used to determine if appellant was intoxicated.  Appellant’s trial counsel also filed and succeeded on several pre-trial motions, conducted proper 
voir dire
, and vigorously cross-examined witnesses.  Furthermore, trial counsel was able to get the 911 audio tape and portions of the police videotape excluded from the evidence entirely.  Accordingly, we find 
counsel’s conduct in this case falls within the wide range of reasonable and professional representation, and no reversible error is demonstrated.  
See 
Bone v. State
, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); 
Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).
      

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal.  
See
  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).